**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RICARDO S. GIRON,

     Plaintiff,

    -vs-                                           No. Civ. 06-1070 LH/RHS

ROSEMARY G. ABASCAL, an individual, JAN
GOODWIN, ALBERT J. LAMA and LEWIS J.
TERR,

     Defendants.

**MEMORANDUM OPINION**

**THIS MATTER** comes before the Court on the United States' and Rosemary Abascal's Motion to Dismiss (United States' Motion to Dismiss) (Docket No. 2), filed November 15, 2006, and brought pursuant to Rules 12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure, and Defendant State of New Mexico Taxation and Revenue Department's Motion to Dismiss (TRD's Motion to Dismiss) (Docket No. 3) for lack of subject matter jurisdiction, brought on behalf of Defendants Jan Goodwin, Cabinet Secretary, Albert J. Lama, Hearing Officer, and Lewis J. Terr, Attorney, all of the Taxation and Revenue Department, (TRD Defendants), which was filed in state court before this case was removed to federal court. After reviewing the parties' arguments, the Amended Complaint (Docket No. 14, filed February 28, 2007), the relevant law, and the filings and Opinions in two similar cases filed by Mr. Giron, Civ. No. 06-1044 LH/WDS and Civ. No. 07-0110 JCH/ACT, both of which have been dismissed for lack of subject matter jurisdiction and failure to state a claim, the Court concludes that the Amended Complaint in this matter too must be dismissed.

Mr. Giron is a tax protester who has brought multiple suits in New Mexico state court, three of which have been removed by the United States to federal court. In all of these cases Mr. Giron has sued IRS Revenue Officer Abascal for her actions undertaken in attempting to collect unpaid federal tax assessments against Mr. Giron. His allegations in this case against Revenue Office Abascal and her counsel, Louise P. Hytken, are essentially identical to those brought in the aforementioned matters. As such, they are utterly frivolous, completely lacking in merit, deserving of no further comment by the Court, and will be dismissed. (*See Giron v. Abascal*, No. Civ. 06-1044 LH/WDS, slip op. (D.N.M. May 29, 2007); *Giron v. Abascal*, No. Civ. 0700110 JCH/ACT, slip op. (D.N.M. May 3, 2007)).

In this case Mr. Giron also brings suit against the TRD Defendants for their attempts to collect unpaid state taxes from him, alleging that they, like the IRS employees, engaged in some sort of racketeering conspiracy. As has been his practice in each of his suits, Mr. Giron has failed to respond to TRD's Motion to Dismiss, rather filing a series of motions to remand, motions to dismiss Counsel Hytken, motions to strike, and an Amended Complaint.

This Court has no jurisdiction to review the validity of state tax assessments. *See* 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."). The case against the TRD Defendants will not be remanded to state court, however.

Section 7-1-22 of the New Mexico Statutes provides:

> No court of this state has jurisdiction to entertain any proceeding by a taxpayer in which the taxpayer calls into question the taxpayer's liability for any tax or the application to the taxpayer of any provision of the Tax Administration Act, except as a consequence of the appeal by the taxpayer to the court of appeals from the action

>and order of the secretary, all as specified in Section 7-1-24 NMSA 1978, or except
>as a consequence of a claim for refund as specified in Section 7-1-26 NMSA 1978.

Because Mr. Giron's allegations that the TRD Defendants "prepared and uttered false documents" actually calls into question his liability for state taxes, the state court from which this case was removed had no jurisdiction over his suit under N.M.S.A. § 7-1-22 and it will be dismissed.  Further, Mr. Giron's sparse allegations do not state a claim against the TRD Defendants for racketeering under any of the federal statutes he cites and the claims against the TRD Defendants must be dismissed.

An Order in accordance with this Memorandum Opinion shall be entered contemporaneously.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**